**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JENNA N. TAFT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-02653 |
| | ) | |
| v. | ) | Honorable John Z. Lee, District Judge |
| | ) | Honorable Sunil R. Harjani, Magistrate Judge |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A ARS ACCOUNT RESOLUTION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A ARS ACCOUNT RESOLUTION SERVICES ("HRRG"), through its attorneys, submits its answer and affirmative defenses to Plaintiff JENNA N TAFT's ("Plaintiff") Complaint (ECF No. 1):

NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq.

**ANSWER: HRRG denies that it violated the FDCPA. HRRG admits only that Plaintiff's Complaint alleges violation of the FDCPA.**

2. Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers. 15 U.S.C. § 1692(e).

**ANSWER: HRRG objects to Plaintiff's allegations because they call solely for legal conclusions that do not require a specific factual admission or denial. HRRG further objects**

**to the extent these allegations purport to cite or quote the FDCPA, its enacting legislation, or case law interpreting the FDCPA because they are incomplete and inaccurate characterizations of statutory provisions and case law, and is improper material for a pleading under Fed. R. Civ. P. 8 and 12. To the extent any further response is required, HRRG denies violating the FDCPA and denies any remaining allegations in this paragraph.**

3. The Act regulates interactions between consumer debtors and "debt collector[s]," defined to include any person who "regularly collects ... debts owed or due or asserted to be owed or due another." §§ 1692a(5), (6).

**ANSWER: HRRG objects to Plaintiff's allegations because they call solely for legal conclusions that do not require a specific factual admission or denial. HRRG further objects to the extent these allegations purport to cite or quote the FDCPA, its enacting legislation, or case law interpreting the FDCPA because they are incomplete and inaccurate characterizations of statutory provisions and case law, and is improper material for a pleading under Fed. R. Civ. P. 8 and 12. To the extent any further response is required, HRRG denies violating the FDCPA and denies any remaining allegations in this paragraph.**

4. Among other things, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or legal status, § 1692e(2)(A); communicating with consumers at an "unusual time or place" likely to be inconvenient to the consumer, § 1692c(a)(1); or using obscene or profane language or violence of the threat thereof, §§ 1692d(1), (2). See generally §§ 1692b-1692j; Heintz v. Jenkins, 514 U.S. 291, 292-293, 115 S. Ct. 1489, 131 L. ed. 2d 395 (1995).

**ANSWER: HRRG objects to Plaintiff's allegations because they call solely for legal conclusions that do not require a specific factual admission or denial. HRRG further objects**

**to the extent these allegations purport to cite or quote the FDCPA, its enacting legislation, or case law interpreting the FDCPA because they are incomplete and inaccurate characterizations of statutory provisions and case law, and is improper material for a pleading under Fed. R. Civ. P. 8 and 12. To the extent any further response is required, HRRG denies violating the FDCPA and denies any remaining allegations in this paragraph.**

5. The Act is enforced through administrative actions and private lawsuits. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 559 U.S. 573, 577, 130 S. Ct. 1605 (2010).

**ANSWER: HRRG objects to Plaintiff's allegations because they call solely for legal conclusions that do not require a specific factual admission or denial. HRRG further objects to the extent these allegations purport to cite or quote the FDCPA, its enacting legislation, or case law interpreting the FDCPA because they are incomplete and inaccurate characterizations of statutory provisions and case law, and is improper material for a pleading under Fed. R. Civ. P. 8 and 12. To the extent any further response is required, HRRG denies violating the FDCPA and denies any remaining allegations in this paragraph.**

JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER: HRRG objects to Plaintiff's allegations because they call solely for legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, HRRG admit that Plaintiff's complaint alleges a violation of federal law but denies that any events, omissions, or injury occurred sufficient to vest this court with subject matter jurisdiction.**

7. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**ANSWER: HRRG objects to Plaintiff's allegations because they call solely for legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, HRRG does not contest venue.**

PARTIES

8. JENNA N. TAFT ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 405 Walters Lane, Itasca, Illinois 60143.

**ANSWER: HRRG lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in this paragraph.**

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER: HRRG objects to Plaintiff's allegations because they call solely for legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, HRRG lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in this paragraph.**

10. HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES ("Defendant") is a limited liability company organized and existing under the laws of the state of Florida.

**ANSWER: HRRG admits the allegations in this paragraph of Plaintiff's Complaint.**

11. Defendant has its principal place of business at 1643 North Harrison Parkway, Building H, Suite 100, Sunrise, Florida 33323.

**ANSWER: HRRG admits the allegations in this paragraph of Plaintiff's Complaint.**

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

[1] ARS Account Resolution Services is an outside agency that specializes in collections related to medical debts. https://www.arspayment.com/why-does-ars-account-resolution-services-want-to-contact-me/ (last accessed May 17, 2021).

**ANSWER: HRRG objects to Plaintiff's allegations because they call solely for legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, HRRG lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in this paragraph.**

13. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

**ANSWER: HRRG objects to Plaintiff's allegations because they call solely for legal conclusions that do not require a specific factual admission or denial. To the extent any further response is required, HRRG denies violating the FDCPA and denies any remaining allegations in this paragraph.**

FACTUAL ALLEGATIONS

14. Plaintiff allegedly incurred medical debt with MEA Elk Grove as result of medical services received.

**ANSWER: HRRG lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in this paragraph.**

15. Thereafter, MEA Elk Grove allegedly sent Plaintiff billing statements seeking payment of $32.00.

**ANSWER: HRRG lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in this paragraph.**

16. Plaintiff's alleged $32.00 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

---

**ANSWER: HRRG objects to this allegation because it does not fully and accurately describe the nature of ARS' business or the contents of the cited website.**

**ANSWER: HRRG objects to Plaintiff's allegations because they call solely for legal conclusions that do not require a specific factual admission or denial.**

17. Plaintiff did not pay the alleged $32.00 balance.

**ANSWER: HRRG admits the allegations in this paragraph of Plaintiff's Complaint.**

18. Sometime thereafter, Plaintiff's alleged $32.00 balance was referred for collection.

**ANSWER: HRRG admits the allegations in this paragraph of Plaintiff's Complaint.**

19. On or about April 16, 2021, Plaintiff obtained her Credit Karma® credit report.

**ANSWER: HRRG lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in this paragraph.**

20. Plaintiff's Credit Karma® credit report noted it is based on data from Equifax.

**ANSWER: HRRG lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in this paragraph.**

21. Plaintiff's credit report stated: [image omitted]

**ANSWER: HRRG lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in this paragraph.**

22. Plaintiff did not recognize this debt.

**ANSWER: HRRG lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in this paragraph.**

23. Accordingly, Plaintiff disputed the alleged $32.00 balance and demanded verification—by Certified Mail®.

**ANSWER: HRRG objects to Plaintiff's allegations because they call solely for legal conclusions that do not require a specific factual admission or denial. HRRG further objects to Plaintiff's allegations because they fail to accurately character the contents of the**

**correspondence referenced in this allegation. To the extent any further response is required, HRRG only that HRRG received a correspondence from Plaintiff and denies any remaining allegations.**

24. Defendant received Plaintiff's dispute on April 22, 2021.

**ANSWER: HRRG objects to Plaintiff's allegations because they call solely for legal conclusions that do not require a specific factual admission or denial. HRRG further objects to Plaintiff's allegations because they fail to accurately character the contents of the correspondence referenced in this allegation. To the extent any further response is required, HRRG only that HRRG received a correspondence was delivered to HRRG on or about April 22, 2021 and they HRRG processed and review correspondence within a reasonable amount of time according to its procedures. HRRG denies any remaining allegations.**

25. On May 12, 2021, Plaintiff obtained another credit report.

**ANSWER: HRRG lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in this paragraph.**

26. Plaintiff's credit report stated: [image omitted]

**ANSWER: HRRG lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in this paragraph.**

27. Plaintiff's credit report did not indicate that Defendant's tradeline is disputed.

**ANSWER: HRRG lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in this paragraph.**

DAMAGES

28. Here, because Defendant failed to report to Equifax that Plaintiff's alleged debt is disputed, Plaintiff suffered real risk of financial harm caused by an inaccurate credit rating.

**ANSWER: HRRG denies the allegations in this paragraph of Plaintiff's Complaint.**

29. An inaccurate credit report produces a variety of negative effects.

**ANSWER: HRRG's objects to the allegations in this paragraph of Plaintiff's complaint because they are so vague that they render HRRG's unable to fairly admit or deny the allegation.**

30. For instance, it is "a red flag to the debtor's other creditors and anyone who runs a background or credit check, including landlords and employers." Phillips v. Asset Acceptance, LLC, 736 F.3d 1076, 1082 (7th Cir. 2013) (quoting Tyler v. DH Capital Mgmt., 736 F.3d 455, 464 6th Cir. 2013).

**ANSWER: HRRG objects to Plaintiff's allegations because they call solely for legal conclusions that do not require a specific factual admission or denial. HRRG further objects to the extent these allegations purport to cite or quote the FDCPA, its enacting legislation, or case law interpreting the FDCPA because they are incomplete and inaccurate characterizations of statutory provisions and case law, and is improper material for a pleading under Fed. R. Civ. P. 8 and 12. To the extent any further response is required, HRRG denies violating the FDCPA and denies any remaining allegations in this paragraph.**

<u>CLAIMS FOR RELIEF</u>

COUNT I:

Fair Debt Collection Practices Act—15 U.S.C. § 1692 et seq.

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**ANSWER: HRRG incorporates its answers to the foregoing paragraph by reference as if fully restated herein by this Count I.**

Violation of 15 U.S.C. § 1692e

32. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

(8) Communicating or threatening to communicate to any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

**ANSWER: HRRG objects to Plaintiff's allegations because they call solely for legal conclusions that do not require a specific factual admission or denial. HRRG further objects to the extent these allegations purport to cite or quote the FDCPA, its enacting legislation, or case law interpreting the FDCPA because they are incomplete and inaccurate characterizations of statutory provisions and case law, and is improper material for a pleading under Fed. R. Civ. P. 8 and 12. To the extent any further response is required, HRRG denies violating the FDCPA and denies any remaining allegations in this paragraph.**

33. Defendant violated 15 U.S.C. § 1692e(8) by failing to communicate that a disputed debt is disputed.

**ANSWER: HRRG denies the allegations in this paragraph of Plaintiff's Complaint.**

34. Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(8) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of–

(1) any actual damage sustained by such person as a result of such failure;

(2)

(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**ANSWER: HRRG objects to Plaintiff's allegations because they call solely for legal conclusions that do not require a specific factual admission or denial. HRRG further objects to the extent these allegations purport to cite or quote the FDCPA, its enacting legislation, or case law interpreting the FDCPA because they are incomplete and inaccurate characterizations of statutory provisions and case law, and is improper material for a pleading under Fed. R. Civ. P. 8 and 12. To the extent any further response is required, HRRG denies violating the FDCPA and denies any remaining allegations in this paragraph.**

WHEREFORE, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. § 1692e(8);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

**ANSWER: HRRG denies violating the FDCPA and denies that Plaintiff is entitled to any relief whosoever for the matters alleged in her complaint.**

## AFFIRMATIVE DEFENSES

By way of further answer to the Complaint, and without waiving any allegations previously stated, HRRG asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

HRRG asserts that Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing to bring the instant claims.

**SECOND AFFIRMATIVE DEFENSE**

To the extent a fact finder concludes that HRRG violated any state or federal statute, said violation(s) were unintentional *bona fide* error, and the violation(s) occurred notwithstanding HRRG's maintenance of procedures reasonably adapted to avoid such an error.

**THIRD AFFIRMATIVE DEFENSE**

Any recovery to Plaintiff, which HRRG denies is appropriate, should be set-off by the amount that the Plaintiff owes on the underlying accounts.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint and each purported cause of action alleged therein against HRRG are barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver or consent of such claims and any relief sought thereby.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff failed to mitigate damages.

**SIXTH AFFIRMATIVE DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which HRRG denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of HRRG.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, must be reduced by the contributory negligence of Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

HRRG reserves the right to amend its answer in the future to include additional affirmative defenses.

**HRRG'S PRAYER FOR RELIEF**

WHEREFORE, having fully answered the allegations contained in the Complaint, and having asserted its affirmative defenses, HRRG prays that:

1. The Court dismiss all claims asserted by Plaintiff in the Complaint against HRRG with prejudice;

2. The Court award to HRRG the costs, expenses, and attorneys' fees incurred by HRRG to defend against the claims asserted in the Complaint, including because the claims asserted in the Complaint are frivolous and without merit; and

3. For such other and further relief as the Court may deem just, equitable, and proper.

Dated: July 12, 2021

Respectfully submitted,

By: *<u>/s/ Chirag H. Patel</u>*

Paul Gamboa
Chirag H. Patel
Krista Easom
GORDON REES SCULLY MANSUKHANI, LLP
One North Franklin, Suite 800
Chicago, IL 60606
Ph: 312-619-4929
cpatel@grsm.com
*Attorneys for HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2021, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, the foregoing document by using the CM/ECF system, which will send notification of such filing(s) to:


Joseph Scott Davidson
Law Offices of Joseph P. Doyle, LLC
105 South Roselle Road
Suite 203
Schaumburg, IL 60193
(630) 460-7655
Email: jdavidson@fightbills.com
*Attorneys for Plaintiff*


By: */s/ Chirag H. Patel*


Chirag H. Patel (#6306711)
GORDON REES SCULLY MANSUKHANI, LLP
One North Franklin, Suite 800
Chicago, IL 60606
Ph: 312-619-4929
cpatel@grsm.com
*Attorneys for HEALTHCARE REVENUE RECOVERY GROUP, LLC*